## JOSHUA SAWYER v. JOSEPH DOANE.

An execution issued by a justice of the peace, which is renewed by erasing the date and inserting a new date, after it has been delivered to an officer for collection, but before service has been made, and within its life, is not thereby rendered absolutely void, so that it may be set aside on *audita querela*.

AUDITA QUERELA, brought to set aside an execution against the plaintiff. Plea, the general issue, and trial by jury, June Term, 1845,—ROYCE, J., presiding.

On trial it appeared that the execution in question was originally issued with the date of August 27, 1842, and that, when it had nearly expired, and after it had been delivered to an officer for collection, but before any service had been made, the justice, who signed it, altered its date, at the request of the creditor, to September 27, 1842, and that it was then served by arresting the body of the plaintiff.

The county court rendered judgment for the defendants. Exceptions by plaintiff.

*L. P. Poland* and *J. Sawyer* for plaintiff.

*Wires* and *White* for defendant.

BY THE COURT. It is impossible to admit, that an execution issued by a justice of the peace, and which is *revived*, (or *renewed*, as it is usually denominated in this state,) by carrying the *date forward*, is therefore absolutely void, so that it may be set aside by *audita querela*. The practice may not be the most judicious, perhaps,— certainly not the most *clerk-like*; but we see no good reason, whatever, to consider such an execution void.

NOTE by REDFIELD, J. The court esteemed the above case as worthy of being reported, as matter of practice, in order to discourage what was, at one time, very common in this state,—so much so, as to have acquired a technical name almost,—that of "*renewing*" executions by carrying the *date forward*. This is a practice, which it is presumed is coeval with the existence of the State, and which was, very probably, brought here from Connecticut,—from whence we derive much of our *lex non scripta*, or *local common law*. The practice is still sanctioned

there,as we infer from the case of *Roberts* v. *Church*,17 Conn.142,--where the court held, that the *renewed* execution is to all intents *the same execution* it was before its renewal, and not an *alias*, in any such sense as to require the officer levying the same to begin *de novo*. This does seem to us carrying the matter farther, than is entirely consistent. But the decision there made is no doubt justifiable upon other less objectionable grounds,—that is, that no demand upon the debtor is necessary to the validity of the levy of an execution upon real estate. This is the settled law of this and some other of the American States,—thus treating the statute as *directory* to the officer, and making him liable, in an action upon the case, for omitting the demand, but regarding the *levy* as *valid*.